# United States District Court

## DISTRICT OF DELAWARE

REDACTED

UNITED STATES OF AMERICA

v.

PAUL G. LITTLE

Criminal Complaint
Case No. 05 – 114M-MPT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

On or about ___September 16, 2005___ in ___New Castle___ County, in the District of Delaware, defendant did attempt to knowingly

manufacture more than one kilogram of LSD, a controlled substance,

in violation of Title _____21_____ United States Code, Section(s) _846 and 841(a)(1) and (b)(1)(B)._

I further state that I am a(n) __Special Agent, DEA__ and that this complaint is based
<div style="font-size:small">Official Title</div>
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____
Signature of Complainant
Eric G. Miller
Special Agent
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,

___September 19, 2005___
Date

at    ___Wilmington, DE___
City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

```
  F I L E D

 SEP  1 9 2005

 U.S. DISTRICT COURT
 DISTRICT OF DELAWARE
```

[REDACTED] AFFIDAVIT

1. Your affiant, Special Agent Eric G. Miller of the Drug Enforcement Administration (DEA), does solemnly swear that:

   a. Your affiant is a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice and as such, I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. I have been a DEA Special Agent for the past fifteen years and am currently assigned to the Wilmington, Delaware Resident Office. During my employment with the DEA, I have received training in connection with the identification, manufacture, and distribution of illegal drugs, including cocaine and cocaine base. I have attended at least ten schools and seminars that specialized in all aspects of narcotics investigations. Your affiant continues to keep abreast of current trends and practices of drug traffickers by reading periodicals, intelligence reports and training literature. Finally, your affiant has daily contact with other Special Agents and law enforcement personnel as well as confidential informants and sources of information in an attempt to remain up to date with current trends of narcotics traffickers. During my employment as a DEA Special Agent, I have participated in over three hundred narcotics investigations. Your affiant has been certified as an expert in State and Federal Court on at least six occasions involving cocaine and cocaine base.

   b. The information contained in this affidavit is based on my personal knowledge as well as information provided by other law enforcement officials and chemists who participated in this investigation. Because this affidavit is made only for the purpose of establishing probable cause, it does not contain all facts known to me concerning this investigation, nor does it contain all statements made by the defendant.

2.  On September 16, 2005, law enforcement officials responded to White Clay Creek State Park, Newark, Delaware after receiving a telephone call from a maintenance official.  This maintenance official stated that while working, he discovered that an individual named Paul G. Little was inside of the detached building located at [REDACTED] ████████, Newark, Delaware. He also noticed that the individual had a Bunsen burner and glassware, and had locked himself inside the building. The residence at [REDACTED] ███████████ is owned by the State of Delaware. It houses employees of the State of Delaware. The detached building is a very large garage. After noticing this, the maintenance official then contacted law enforcement officials. Law enforcement officials, who were familiar with Paul G. Little, then responded to [REDACTED] ████████, Newark, Delaware, and discovered that Paul G. Little was trespassing on State property. According to the maintenance official, no one had a right to have a Bunsen burner in the garage.  Paul G. Little also admitted that he had been evicted from state grounds. Upon the initial inspection of the detached building, law enforcement officials located documents relating to the manufacture of Lysergic Acid Diethylamide (LSD) inside the building.

3.  Law Enforcement Officials, trained in the recognition of clandestine laboratories responded to [REDACTED] ███████████ Newark, Delaware and inspected the detached building. A law enforcement official trained in the recognition of clandestine laboratories along with your affiant entered the detached building and examined the contents and found the contents consistent with a clandestine laboratory. Your affiant then contacted a DEA chemist and advised the chemist on what was contained in the detached building. The DEA chemist advised your affiant that the contents were consistent with the manufacture of precursor chemicals needed to produce LSD.

4.  Law enforcement officials then placed Paul G. Little into custody and read him his Miranda Warnings. Little advised law enforcement officials that he understood his rights and said "yes" he would speak with law enforcement officials. Your affiant asked Little if there was anything dangerous within the lab and Paul G. Little stated, "No". Paul G. Little stated that he graduated from the University of Delaware with a Bachelors of Science in Chemistry in 2004. Your affiant and law enforcement then asked Paul G. Little what he was making and Little, in essence, stated that he was making argot fungus needed for the production of alternative fuels. Your

affiant again contacted a DEA chemist who stated that argot fungus is a precursor needed for the manufacture of LSD and not for the production of alternative fuels. Paul G. Little was then transported to DSP Troop 2 for further questioning.

5.  A law enforcement official responded to DSP Troop 2 and read Paul G. Little his Miranda Warnings via Delaware State Police Miranda Advisement Form, which Paul G. little read and signed. Law enforcement officials asked Paul G. Little if he understood his rights and Paul G. Little stated, "Yes". Law enforcement officials then read, "Having these rights in mind, do you wish to talk to us now?" and Paul G. little checked the box marked Yes and verbally stated "Yes".

6.  During the interview, Paul G. Little admitted to the manufacture of LSD. Paul G. Little stated that he purchased the chemicals from a local chemical store for four hundred and sixty dollars. Paul G. Little stated that his LSD recipes were from both the Internet and publications. Paul G. Little stated that he was making the LSD for another individual and would be paid making the LSD and the cost of the chemicals. Paul G. Little stated that he is a Canadian citizen and had obtained a train ticket and apartment in Montreal, Canada.

7.  A verbal consent to search the residence was obtained from a resident of [REDACTED] ████████, Newark, Delaware, named [REDACTED]. During the search of the main house, law enforcement officials located three glass flasks containing a total of approximately 2.82 kilograms of suspected liquid LSD. The Suspected liquid LSD was located within a mini-refrigerator located within a common area in the residence. Little stated that the flasks contained the necessary ingredients to make LSD, but explained that he was not sure if he had succeeded in correctly making it because he had to make some of the precursor ingredients himself.  He indicated that the mixture of chemicals in one of the flasks was probably inferior to the mixture in the other two.  Samples of each of the three flasks have been sent to DEA's Northeast laboratory for analysis.

/ / /

Wherefore, your affiant respectfully requests the Court to issue a criminal complaint charging the defendant, PAUL G. LITTLE, with attempting to knowingly manufacture LSD, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and 846.


Eric G. Miller
Special Agent,
Drug Enforcement Administration


Sworn to and subscribed before me this ___ day of September 2005.


HONORABLE MARY PAT THYNGE
United States Magistrate Judge
District Of Delaware